**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
JEFFREY TEST, PH.D.,              )
12154 Preston Drive               )
Lusby, Maryland 20657,            )
                                  )
            Plaintiff,            )
                                  )
      v.                          )  Civil Action No. _____
                                  )
EDWARD DEMARCO, Acting Director,  )
Federal Housing Finance Agency    )
400 7th Street, S.W.              )
Washington, DC 20024,             )
                                  )
            Defendant.            )
_____)
```

## COMPLAINT

1. Plaintiff Jeffrey Test, Ph.D., by and through undersigned counsel, hereby files this action against Defendant Federal Housing Finance Agency (FHFA or "Agency"), pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 et seq.; Equal Employment Opportunity Commission (EEOC) regulations covering settlement agreements executed by federal agencies (e.g., 29 C.F.R. § 1614.504 (a)); and the common law of the District of Columbia. Plaintiff seeks relief pursuant to the ADEA, e.g., 29 U.S.C. § 626(c), for harms caused to Plaintiff by Defendant's unlawful discrimination on the basis of his age, when Plaintiff was subjected to a reduction in his pay.

Plaintiff also seeks injunctive relief regarding Defendant's non-compliance with a Settlement Agreement that it executed, per 29 C.F.R. § 1614.504 (a), or in the alternative, damages for Defendant's breach of contract pursuant to the common law of the District of Columbia. Plaintiff requests as relief: a declaratory judgment that the Agency's 75% salary cap policy is discriminatory, and an injunction instructing Defendant to terminate this discriminatory policy; back pay and back benefits; liquidated damages under the ADEA; a declaratory judgment that Dr. Test's Equal Employment Opportunity (EEO) complaint be reinstated in Defendant's administrative process, or in the alternative, damages for Defendant's breach of contract; reasonable attorney fees, costs, and expenses; and such other relief as the Court deems just and appropriate, in order to fully remedy Defendant's unlawful acts.

## PARTIES

2. Plaintiff Jeffrey Test, Ph.D., is a United States citizen and a resident of Maryland, and was so at all times relevant to this Complaint. He currently resides at 12154 Preston Drive, Lusby, Maryland 20657. Plaintiff is employed as a Senior Project Management Specialist by the Federal

Housing Finance Agency (FHFA) in Washington, D.C. He is 53 years old.

3. Defendant Edward DeMarco is the Acting Director of the Federal Housing Finance Agency (FHFA), and as such, has ultimate authority over the actions of the FHFA. Defendant is sued in his official capacity only. Defendant's address is 400 7th Street, S.W., Washington, DC 20024.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over this Complaint because it presents questions of federal law. 28 U.S.C. § 1331.

5. Specifically, this Court has jurisdiction over this Complaint pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 *et seq.*

6. This Court is the proper venue pursuant to 28 U.S.C. § 1391 and 29 U.S.C. § 626(c). Plaintiff's office is located in Washington, D.C., and all of his supervisors are located in Washington, D.C. The discriminatory acts complained of took place in Washington, D.C., as did Defendant's breach of the Settlement Agreement.

7. Dr. Test's age discrimination claims are timely per 29 U.S.C. § 633a(c-d), which allows Dr. Test as a federal

3

employee to bypass the administrative process and file his complaint in U.S. District Court directly, if he notifies the EEOC of his intent to sue within 180 days following the unlawful practice and then waits for 30 days before filing suit. See 29 U.S.C. § 633a(d); 29 C.F.R. § 1614.201(a); Stevens v. Dept. Of Treasury et al., 500 U.S. 1, 6-8 (1991). Dr. Test has fulfilled this requirement by providing notice to the EEOC on May 31, 2013 of his intention to file his age discrimination complaint in U.S. District Court (within 180 days of April 18, 2013, when Dr. Test's salary was lowered). Then, Dr. Test waited more than 30 days to file the instant complaint per 29 U.S.C. § 633a(d).

8. Dr. Test's breach of contract claims (regarding the Agency's noncompliance with a Settlement Agreement) are timely per EEOC regulations, e.g., 29 C.F.R. §§ 1614.405, 1614.408(c), and the common law of the District of Columbia. First, Dr. Test has exhausted the administrative process for these noncompliance claims in a timely manner. After receiving Defendant's Final Agency Decision on January 22, 2013, Dr. Test timely filed his appeal at the EEOC's Office of Federal Operations (OFO) on February 15, 2013. After receiving the OFO's Decision on July 17, 2013, Dr. Test hereby

files the instant complaint within 90 days (by October 15, 2013). Second, Dr. Test's breach of contract claim is timely per the three-year statute of limitations for breach of contract claims in the District of Columbia, where Dr. Test was aware of the Agency's breach of contract on October 23, 2012. See D.C. Code § 12-301.

**FACTS**

**Age Discrimination**

9. Born in September 1959, Dr. Jeffrey Test is a 53-year-old man. He is a member of a protected group by virtue of his age, and he is also a disabled veteran.

10. Dr. Test is an EL-14 Senior Project Management Specialist for the Federal Housing Finance Agency (FHFA), where he has worked for the past five years, since the creation of the Agency. Previously, Dr. Test worked for approximately two years at one of FHFA's predecessors, the Office of Federal Housing Enterprise Oversight (OFHEO).

11. Dr. Test is a long-standing, dedicated federal employee with approximately 28 years of service to the federal government. Dr. Test has worked at many different federal agencies in a variety of positions, including managerial and supervisory positions. For instance, before working at FHFA,

5

Dr. Test worked at the Department of Justice (in a supervisory GS-15 position as Director of IT Security), Department of Agriculture (in a supervisory GS-14 position), Environmental Protection Agency, Department of the Navy, and Department of the Army.

12. On April 18, 2013, Defendant discriminated against Dr. Test (born in September 1959) on the basis of his age by lowering his expected salary.

13. On April 10, 2013, Stuart Levy, Dr. Test's first line supervisor, provided Dr. Test with a copy of his 2012 performance appraisal. Dr. Test earned an "Excellent" rating, which entitled him to a 3.5% salary increase according to the Agency's policy on merit pay.

14. This policy was specified in a Memorandum to all FHFA employees from Chief Operating Officer Rick Hornsby, dated March 25, 2013. This Memorandum by COO Hornsby stated that merit pay at FHFA is directly related to each employee's performance rating. Specifically, employees with Fully Successful, Excellent, and Outstanding performance ratings for 2012 were entitled to merit pay increases (of 3.0, 3.5%, and 4.0% of their salaries, respectively), while employees with lower ratings would not receive a merit pay increase.

15. On April 18, 2013, the pay increase went into effect for Dr. Test, but he did not receive the expected salary increase (of 3.5%) commensurate with his Excellent rating. Dr. Test's annual pay was $1,713 less than the amount he would have received with a 3.5% merit pay increase.

16. Dr. Test's lowered salary was due to a 75% cap that the Agency instituted on salaries, which limits the salaries of all employees to 75% of their payband.

17. The Agency's 75% salary cap disproportionally affects older employees, since they tend to be at the top end of their respective paybands. For instance, of the 77 non-executive employees immediately affected by the 75% salary cap (employees whose salaries were equal or greater than the 75th percentile of salaries in their paybands), 69 of them were over the age of 40. In other words, approximately 90% (89.6% to be exact) of the employees immediately affected by the Agency's 75% salary cap were older employees per the Age Discrimination in Employment Act (ADEA), which prohibits employment discrimination against persons 40 years of age or older.

18. Defendant is well-aware of its older workforce and the fact that the 75% salary cap would largely affect older

employees (those at or older than 40 years of age), causing a reduction in their salaries.

19. Despite its knowledge of the adverse impact on numerous older employees, Defendant promulgated the 75% salary cap, which reduced the salaries of numerous older employees such as Dr. Test.

20. COO Hornsby's March 25, 2013 Memorandum regarding merit pay asks employees to direct questions to Jeff Risinger, Chief Human Capital Officer or Marie Harte, Deputy Human Resources Director. On March 27, 2013, Dr. Test sent an email to Mr. Risinger and Ms. Harte stating *inter alia* that the 75% salary cap "impacts older employees near retirement adversely."

21. Neither Mr. Risinger nor Ms. Harte ever responded to Dr. Test's concerns.

22. As an older employee with impending retirement eligibility (in approximately two years), Dr. Test's retirement annuity and benefits are adversely affected by the Agency's reduction in his salary, since Dr. Test's retirement annuity is calculated using the highest three years of his salary. Dr. Test estimates that he will lose over 5.2% of his annual retirement annuity due to the 75% salary cap.

23. The Agency's reduction of Dr. Test's salary cannot be remedied through a bonus payment to Dr. Test, since his future earnings and retirement benefits are based on his salary.

24. Defendant's 75% salary cap has reduced Dr. Test's salary and will continue to reduce Dr. Test's future salary and retirement benefits.

25. Defendant's discriminatory actions constitute disparate treatment of Dr. Test on the basis of his age. Alternatively, Defendant's actions have resulted in a disparate impact on Dr. Test due to his age.

### Defendant's Breach of Contract

**(The Agency's Noncompliance with its Settlement Agreement)**

Paragraphs 26-41 are filed under seal, due to the confidentiality of the Settlement Agreement at issue.

## CAUSES OF ACTION

### COUNT I
### DISCRIMINATION BASED ON AGE
### IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

42. Based upon the facts described in the preceding paragraphs, Defendant unlawfully discriminated against Plaintiff Jeffrey Test on the basis of his age (born in September 1959) in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 et seq.

### COUNT II
### DEFENDANT'S NONCOMPLIANCE WITH A SETTLEMENT AGREEMENT

43. Based upon the facts described in the preceding paragraphs, Defendant unlawfully failed to comply with the Settlement Agreement it executed on May 9, 2011 and hence should reinstate Dr. Test's discrimination complaint (filed formally on March 8, 2011) based on disability and reprisal, which concern violations of the Americans with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12101 et seq., and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq. See also 29 C.F.R. § 1614.504 (a).

## COUNT III
## BREACH OF CONTRACT
### (Alternative to Count II)

44. Based upon the facts described in the preceding paragraphs, Defendant unlawfully breached its contract (Settlement Agreement dated May 9, 2011) with Dr. Test in violation of the common law of the District of Columbia.

## RELIEF REQUESTED

45. Plaintiff requests any and all relief provided by the discrimination laws and regulations and common law of the District of Columbia, including but not limited to the following:

    a. A declaratory judgment that the Agency's 75% salary cap policy is discriminatory, and an injunction instructing Defendant to terminate this discriminatory policy;

    b. Back pay and back benefits;

    c. Maximum liquidated damages under the ADEA;

    d. A declaratory judgment that Dr. Test's EEO complaint (filed formally on March 8, 2011) be reinstated in Defendant's administrative process, or in the alternative, damages for Defendant's breach of contract;

e.   The reasonable attorney fees at prevailing market (Laffey) rates, costs, and expenses of this action; and

f.   Such other relief as the Court deems just and appropriate.

## JURY TRIAL

46. Plaintiff requests a trial by jury on all issues that are triable by jury.

*Daniel K. Gebhardt*
DANIEL K. GEBHARDT
(D.C. Bar No. 975703)
JOSEPH D. GEBHARDT
(D.C. Bar No. 113894)
GEBHARDT & ASSOCIATES, LLP
1101 17th Street, N.W.
Suite 807
Washington, DC 20036-4716
(202) 496-0400

August 29, 2013              Attorneys for Plaintiff